IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.            ) | Criminal No. 13-252 |
| ) | |
| ADALBERTO DAVILA, ) | |
| ) | |
| Defendant.  ) | |
| ) | |

**OPINION**

Pending before the court is the Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) as a Result of COVID-19 filed by defendant Adalberto Davila Del Valle ("Davila"). (ECF No.1477.)  Davila seeks compassionate release for "extraordinary and compelling reasons" pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), due to concern that his health will be negatively affected if he contracts the COVID-19 virus while incarcerated. The government filed a response on May 18, 2020 opposing the motion. (ECF No. 1480.)

The First Step Act permits a defendant to file a motion for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). The Court of Appeals for the Third Circuit addressed a similar motion in United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020).  In Raia, the court of appeals held that courts cannot consider requests for compassionate release under the First Step Act until a prisoner has exhausted his administrative remedies. Id. at 597; see United States v. Wilson, No. 14-209, 2020 WL 1975082, at *3-4 (E.D. Pa. Apr. 24, 2020) (denying compassionate release for failure to exhaust administrative remedies under 18 U.S.C. § 3582(c)(1)(A)).

Davila does not contend that the Bureau of Prisons ("BOP") failed to file a motion for compassionate release on his behalf, nor that 30 days have elapsed since the warden of his facility received such a request on Davila's behalf. Davila, therefore, failed to exhaust his administrative remedies as required by § 3582(c)(1)(A). Davila does not contend otherwise, but argues that the exhaustion requirement should be excused as futile due to the potential for delay inherent in the BOP's administrative process. (ECF No. 1477 at 12.)

As the Supreme Court has explained, "we should not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001); see Ross v. Blake, 136 S. Ct. 1850, 1857-58 (2016). "While judicially created exhaustion requirements may sometimes be excused, it is well settled that a court may not ignore a statutory command, such as the one imposed in Section 3582(c)(1)(A)." United States v. Epstein, No. 14-cr-287, 2020 WL 1808616, at *3 (D.N.J. Apr. 9, 2020) (citing Massieu v. Reno, 91 F.3d 416, 419 (3d Cir. 1996) ("statutorily created exhaustion requirements bind the parties and the courts.")). Other district courts within this Circuit have recently held that futility cannot excuse the exhaustion requirement under § 3582(c)(1)(A), even in light of concerns raised by the COVID-19 virus. See United States v. Bogdanoff, No. 12-cr-190-1, 2020 WL 2307315, at *4-5 (E.D. Pa. May 8, 2020); see also United States v. Petrossi, No. 17-cr-192, 2020 WL 1865758, at *3-4 (M.D. Pa. Apr. 14, 2020).

The exhaustion requirement that applies in this case is explicitly set forth in § 3582(c)(1)(A), and, therefore, cannot be excused. Because Davila failed to exhaust his administrative remedies as required by § 3582(c)(1(A), the court cannot consider Davila's request for compassionate release.

In accordance with the foregoing, Davila's motion for compassionate release (ECF No.

1477) must be DENIED for failure to exhaust his administrative remedies. Davila may later seek compassionate release after he exhausts his remedies with the Bureau of Prisons.

An appropriate order will be entered.

Dated:  June 1, 2020.

<u>/s/ Joy Flowers Conti</u>
Joy Flowers Conti
Senior United States District Judge